PROVIDED TO TOMOKA
CORRECTIONAL INSTITUTION
ON 2/15/23
FOR MAILING BY ⟨initials⟩

# PETITION UNDER 28 U.S.C. § 2254 FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: Middle: Fort Myers |
|---|---|
| Name (under which you were convicted): Donald Walsh | Docket or Case No.: 79-844-CF / 80-119-CF |
| Place of Confinement: Tomoka Correctional Institution, 3950 Tiger Bay Road, Daytona Beach, Fl 32124 | Prisoner No.: 073644 |
| Petitioner (include the name under which you were convicted) Donald Walsh | v. Respondent (authorized person having custody of petitioner) Secretary FDOC Ricky D. Dixon |
| The Attorney General of the State of: Florida, Mrs. Ashley Moody | |

FILED
FEB 17 2023
Clerk, US District Court
Middle District of Florida
Fort Myers, Florida

## PETITION

2:23-CV-124-JLB-KCD

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   The Twentieth Judicial Circuit in and for Collier County, Florida

   (b) Criminal docket or case number (if you know): 79-844-CF / 80-119-CF

2. (a) Date of the judgment of conviction (if you know): June 18, 1980

   (b) Date of sentencing: (79-844-CF) June 25, 1980 / (80-119-CF) Dec. 5, 1980

3. Length of sentence: Death-Overturned for life: 5 yrs + 5yrs.

4. In this case, were you convicted of more than one count or of more than one crime?

   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: _____
   79-844-CF:     First Degree Murder
   80-119-CF:     Aggravated Assault
                  Trespass with a Firearm

6. (a) What was your plea? (Check one)

   ☑ (1) Not Guilty        ☐ (3) Nolo Contender (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity Plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? <u>N/A</u>

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?

☑ Yes ☐ No

8. Did you appeal from the judgment of conviction?

☑ Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: <u>Florida Supreme Court</u>

(b) Docket or case number (if you know): <u>59512</u>

(c) Result: <u>Death Sentence Reduced to Life</u>

(d) Date or result (if you know): <u>July 29, 1982</u>

(e) Citation to the case (if you know): <u>Walsh v. State, 418 So.2d 1000</u>

(f) Grounds raised: _____

<u>1. Double Jeopardy: No Manifest Necessity for Retrial</u>

<u>2. Failure to Instruct: On Minimum + Maximum Penalties</u>

<u>3. State Failed to Prove Premeditation</u>

<u>4. Penalty Phase Errors</u>

<u>5. Court Should Have Accepted Jury's Unanimous Recommendation for Life</u>

(g) Did you seek further review by a higher state court?   ☐ Yes   ☑ No

If yes, answer the following:

(1) Name of court: <u>N/A</u>

(2) Docket or case number (if you know): _____

(3) Result: _____

(4) Date of result (if you know): _____

(5) Citation of the case (if you know): _____

(6) Grounds raised: _____

(h) Did you file a petition for certiorari in the United States Supreme Court?

☐ Yes        ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): N/A

(2) Result: _____

(3) Date of result (if you know): _____

(4) Citation of the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?

☑ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: Twentieth Judicial Circuit Court

(2) Docket or case number (if you know): 79-844-CF / 80-119-CF

(3) Date of filing (if you know): 1998

(4) Nature of the proceeding: 3.850

(5) Grounds raised: This information is no longer in Petitioner's possession

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?        ☐ Yes        ☑ No

(7) Result: Denied: Time-Barred

(8) Date of result (if you know): 1999-2000

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: Twentieth Judicial Circuit Court in and for Collier County, Florida

(2) Docket or case number (if you know): 79-844-CF / 80-119-CF

(3) Date of filing (if you know): 2002-2003

(4) Nature of the proceeding: 3.853 Post-Conviction DNA Request

(5) Grounds raised: Absence of blood/tissue on bullet filed by Petitioner and request of DNA testing of said bullet for presence of victim's DNA

Page 4 of 21

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: <u>Denied</u>

(8) Date of result (if you know): <u>2003 or 2004</u>

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: <u>Twentieth Judicial Circuit Court in and for Collier County, Florida</u>

(2) Docket or case number (if you know): <u>79-844-CF / 80-119-CF</u>

(3) Date of filing (if you know): <u>2014</u>

(4) Nature of the proceeding: <u>Motion to seek 3.850 Post-Conviction Motion and Appointment of Counsel</u>

(5) Grounds raised: <u>Multiple grounds raised, not available at this time.</u>

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes     ☑ No

(7) Result: <u>Denied</u>

(8) Date of result (if you know): <u>2014</u>

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition?    ☐ Yes    ☑ No
(2) Second petition?   ☐ Yes    ☑ No
(3) Third petition?    ☐ Yes    ☑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

<u>I did not have an attorney and did not know law or how to prove my innocence</u>

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:** <u>Trial Court Committed Fundamental Error</u>

(a) Supporting Facts: this defendant removal request is required because:

<u>The trial court denied defense counsel's "Motion to Withdraw as Counsel," and failed to hold hearing(s) to determine and ensure that Petitioner knew and understood there was a conflict of interest with his counsel, and to inform Petitioner of his right to have other, "Conflict-Free" counsel to represent him, violating Petitioner's 6th and 14th- Amendment Rights.</u>

(b) If you did not exhaust your state remedies on Ground One, explain why:
<u>The material facts and evidence establishing this ground were withheld by all state parties, ensuring that Petitioner would be time-barred from filing any postconviction motion(s), and preventing Petitioner from discovering or presenting this ground for consideration in the courts, thus defaulting any claims or petitions Petitioner might assert.</u>

(c) **Direct Appeal of Ground One:**

(1) If you appealed form the judgment of conviction, did you raise this issue?

☐ Yes   ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Appellate counsel controlled direct appeal and did not raise this ground.</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☑ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: _____
Twentieth Judicial Circuit Court, in and for Collier County, Florida

Docket or case number (if you know): 79-844-CF / 80-119-CF

Date of court's decision: 1999

Result (attach a copy of the court's order or opinion, if available): Denied: Time-Barred

(3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
   ☑ Yes   ☐ No
(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: Second District Court of Appeal, Florida

Docket or case number (if you know): Petitioner no longer has this information

Date of the court's decision: 1999

Result (attach a copy of the court's opinion or order, if available): Denied: per curiam

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:
_____

(e) **Other remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:
No other remedies were available for time-barred grounds.

**GROUND TWO:** <u>Trial Court Committed Fundamental Error</u>

(a) Supporting Facts: this defendant removal request is required because:

<u>After denying defense counsel's "Motion to Withdraw as Counsel," the trial court allowed conflicted counsel to continue Petitioner's defense in a first degree murder trial, in violation of Petitioner's 6th and 14th Amendment rights.</u>

(b) If you did not exhaust your state remedies on Ground Two, explain why:
<u>Information establishing this ground, was withheld from Petitioner causing him to be time-barred and defaulted from bringing this ground before any court.</u>

(c) **Direct Appeal of Ground Two:**

   (1) If you appealed form the judgment of conviction, did you raise this issue?
     ☐ Yes      ☑ No

   (2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Appellate counsel controlled direct appeal and did not raise this ground.</u>

(d) **Post-Conviction Proceedings:**

   (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?   ☑ Yes      ☐ No

   (2) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: <u>3.850</u>

   Name and location of the court where the motion or petition was filed: <u>Twentieth Judicial Circuit Court, in and for Collier County, Florida</u>

   Docket or case number (if you know): <u>79-844-CF / 80-119-CF</u>

   Date of court's decision: <u>1999</u>

   Result (attach a copy of the court's order or opinion, if available): <u>Denied: Time-Barred</u>

   (3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☑ No

   (4) Did you appeal from the denial of your motion or petition?   ☑ Yes   ☐ No

   (5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
     ☑ Yes   ☐ No

   (6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Second District Court of Appeal, Florida</u>

Docket or case number (if you know): <u>Petitioner no longer has this information</u>

Date of the court's decision: <u>1999</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied: per curiam</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: <u>No other remedies were available for time-barred grounds.</u>

**GROUND THREE:** Ineffective Assistance of Counsel

(a) Supporting Facts: this defendant removal request is required because:

Defense counsel failed to seek a higher court's enforcement of their "Motion to Withdraw as Counsel," thereby going along with court's fundamental error of Ground One denying Petitioner's 6th and 14th Amendment Rights to a fair trial and due process of law.

(b) If you did not exhaust your state remedies on Ground Three, explain why: Information establishing this ground, was withheld from Petitioner causing him to be time-barred and defaulted from bringing this ground before any court.

(c) **Direct Appeal of Ground Three:**

(1) If you appealed form the judgment of conviction, did you raise this issue?

☐ Yes    ☑ No

(2) If you did not raise this issue in your direct appeal, explain why: Appellate counsel controlled direct appeal and did not raise this ground.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: 3.850

Name and location of the court where the motion or petition was filed: Twentieth Judicial Circuit Court, in and for Collier County, Florida

Docket or case number (if you know): 79-844-CF / 80-119-CF

Date of court's decision: 1999

Result (attach a copy of the court's order or opinion, if available): Denied: Time-Barred

(3) Did you receive a hearing on your motion or petition?    ☐ Yes    ☑ No

(4) Did you appeal from the denial of your motion or petition?    ☑ Yes    ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☑ Yes    ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Second District Court of Appeal, Florida</u>

Docket or case number (if you know): <u>Petitioner no longer has this information</u>

Date of the court's decision: <u>1999</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied: per curiam</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three: <u>No other remedies were available for time-barred grounds.</u>

**GROUND FOUR:** <u>Ineffective Assistance of Counsel?</u>

(a) Supporting Facts: this defendant removal request is required because:

<u>Defense counsel withheld exculpatory evidence that would have proven Petitioner's actual innocence in first degree murder trial. Laboring under conflict of interest issues, defense counsel violated Petitioner's 6th and 14th Amendment rights to a fair trial and due process of law.</u>

(b) If you did not exhaust your state remedies on Ground Four, explain why:
<u>Information establishing this ground, was withheld from Petitioner causing him to be time-barred and defaulted from bringing this ground before any court.</u>

(c) **Direct Appeal of Ground Four:**

(1) If you appealed form the judgment of conviction, did you raise this issue?
☐ Yes    ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Appellate counsel controlled direct appeal and did not raise this ground.</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?    ☑ Yes    ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: _____
<u>Twentieth Judicial Circuit Court, in and for Collier County, Florida</u>

Docket or case number (if you know): <u>79-844-CF / 80-119-CF</u>

Date of court's decision: <u>1999</u>

Result (attach a copy of the court's order or opinion, if available): <u>Denied:</u>
<u>Time-Barred</u>

(3) Did you receive a hearing on your motion or petition?    ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?    ☑ Yes  ☐ No
(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☑ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Second District Court of Appeal, Florida</u>

Docket or case number (if you know): <u>Petitioner no longer has this information</u>

Date of the court's decision: <u>1999</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied: per curiam</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four: <u>No other remedies were available for time-barred grounds.</u>

**GROUND FIVE:** <u>Ineffective Assistance of Appellate Counsel</u>

(a) Supporting Facts: this defendant removal request is required because:

<u>Appellate counsel failed to investigate, present, and preserve exculpatory evidence favorable to Petitioner's actual innocence and failed to preserve Petitioner's 6th and 14th Amendment Rights to a fair trial and due process of law.</u>

(b) If you did not exhaust your state remedies on Ground Five, explain why:
<u>The material facts and evidence establishing this ground were withheld by all state parties, ensuring that Petitioner would be time-barred from filing any postconviction motion(s), and preventing Petitioner from discovering or presenting this ground for consideration in the courts, thus defaulting any claims or petitions Petitioner might assert.</u>

(c) **Direct Appeal of Ground Five:**

(1) If you appealed form the judgment of conviction, did you raise this issue?
☐ Yes     ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Appellate counsel controlled direct appeal and did not raise this ground.</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     ☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: _____
<u>Twentieth Judicial Circuit Court, in and for Collier County, Florida</u>

Docket or case number (if you know): <u>79-844-CF / 80-119-CF</u>

Date of court's decision: <u>1999</u>

Result (attach a copy of the court's order or opinion, if available): <u>Denied:</u>
<u>Time-Barred</u>

(3) Did you receive a hearing on your motion or petition?     ☐ Yes  ☑ No
(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Second District Court of Appeal, Florida</u>

Docket or case number (if you know): <u>Petitioner no longer has this information</u>

Date of the court's decision: <u>1999</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied: per curiam</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Five: <u>No other remedies were available for time-barred grounds.</u>

**GROUND SIX:** <u>Ineffective Assistance of trail and Appellate Counsel</u>

(a) Supporting Facts: this defendant removal request is required because:

<u>Both trial and appellate counsel withheld all records, transcripts, and information pertaining to Petitioner's trial(s) and appeal along with exculpatory evidence of such nature as would clearly and convincingly establish Petitioner's actual innocence on the charge(s) brought against him in Case Nos. 79-844-CF and 80-119-CF.</u>

(b) If you did not exhaust your state remedies on Ground Six, explain why:
<u>The material facts and evidence establishing this ground were withheld by all state parties, ensuring that Petitioner would be time-barred from filing any postconviction motion(s), and preventing Petitioner from discovering or presenting this ground for consideration in the courts, thus defaulting any claims or petitions Petitioner might assert.</u>

(c) **Direct Appeal of Ground Six:**

(1) If you appealed form the judgment of conviction, did you raise this issue?

☐ Yes     ☑ No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why: <u>Appellate counsel controlled direct appeal and did not raise this ground.</u>

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?     ☑ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>3.850</u>

Name and location of the court where the motion or petition was filed: <u>Twentieth Judicial Circuit Court, in and for Collier County, Florida</u>

Docket or case number (if you know): <u>79-844-CF / 80-119-CF</u>

Date of court's decision: <u>1999</u>

Result (attach a copy of the court's order or opinion, if available): <u>Denied: Time-Barred</u>

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☑ No

Page 16 of 21

(4) Did you appeal from the denial of your motion or petition?  ☑ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☑ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: <u>Second District Court of Appeal, Florida</u>

Docket or case number (if you know): <u>Petitioner no longer has this information</u>

Date of the court's decision: <u>1999</u>

Result (attach a copy of the court's opinion or order, if available): <u>Denied: per curiam</u>

(7) If your answer to Question (d)(4) is "No," explain why you did not raise this issue:

(e) **Other remedies**: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Six: <u>No other remedies were available for time-barred grounds.</u>

13. Please answer these additional questions about the petition you are filing:

    (a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?   ☐ Yes   ☑ No
    
    If your answer is "No," state which grounds have not been presented and give your reason(s) for not presenting them: <u>None of the seven grounds presented herein were presented to the highest state court. Petitioner was prevented from getting through the lower courts necessary before presenting grounds to state's highest court.</u>

    (b) Is there any ground in this petition that has not been presented in some state or federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:
    <u>Ground #3: Petitioner was not even aware of this ground or the circumstances creating it until many years after conviction and time-limits expiration.</u>

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition?   ☑ Yes   ☐ No
    
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.
    <u>U.S. Dist. Court, Middle District, Fort Myers. Docket or Case Numbers not available: #1: 1992, jury instructions, dismissed without prejudice. #2: 1999-2000 Appeal from Second D.C.A. Florida. Per curiam denial of lower court's denial of 3.850 postconviction, denied as time-barred. #3: 2009, seeking relief on actual innocence, Petition dismissed as successive #1, 2, and 3 were all Habeas Corpus Petitions in this Honorable Court.</u>

15. Do you have any petition or appeal now pending (filed and not yet decided on) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes   ☑ No
    
    If "Yes," state the mane and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

    (a) At preliminary hearing: <u>Tom Osteen and Robert G. Hines, Public Defender's Office, Twentieth Judicial Circuit, Naples, Florida</u>

    (b) At arraignment and plea: <u>Tom Osteen and Robert G. Hines</u>

    (c) At trial: <u>Tom Osteen, Robert G. Hines, and Gerald Dellar, Public Defender's Office, Naples, Florida</u>

    (d) At sentencing: <u>Tom Osteen, Robert G. Hines, and Gerald Dellar, Public Defender's Office, Naples, Florida</u>

    (e) On appeal: <u>Samuel R. Mandelbaum, Anthony F. Gonzalez, P.A. Tampa, Florida</u>

    (f) In any post-conviction proceeding: _____

    (g) On appeal from any ruling against you in a post-conviction proceeding: _____

17. Do you have any future sentence to serve after you complete the sentence for the judgment you are challenging?

    ☑ Yes    ☐ No

    If "Yes," give the name and location of the court that imposed the other sentence you will serve in the future. <u>Twentieth Judicial Circuit Court, in and for Glades County, Florida</u>

    Give the date the sentence was imposed: _____

    Give the length of the other sentence: <u>One year and one day</u>

    Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☑ Yes    ☐ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2254(d) does not bar your petition.* Based on statutes and prior caselaw(s) defendants removal request must be made during open proceeding, such as this state appeal. Therefore, this removal petition is timely.

    <u>June 18, 1980: Conviction</u>

<u>July 29, 1982: Decision of Fl. Sup. Ct: Direct Appeal</u>

<u>1992: Federal habeas: Dismissed</u>

<u>1999: 3.850: Denied as time-Barred Fl. 2nd DCA. Denied Per Curiam</u>

<u>1999-2000: Federal Habeas on ST.'s per curiam denial of 3.850</u>

<u>2009: Federal Habeas: Actual innocence: Dismissed</u>

<u>2014: Motion to seek 3.850 and Appointment of Counsel: Designated as 3.850 by Court and denied as time-barred</u>

<u>2014: Second D.C.A. Per Curiam Denial of Motion to Seek 3.850 and Appointment of Counsel—turned 3.850</u>

<u>The issues raised herein are prejudicial errors from an initial-review collateral proceeding, where the Petitioner's claims are time-barred and procedurally defaulted, resulting in a miscarriage of justice in a State court.</u>

<u>However, the doctrine preventing procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain a federal review of defaulted claims by showing cause of the default and prejudice from a violation of federal law.</u>

<u>In the instant case, the *Martinez v. Ryan* exception applies to excuse the Petitioner's procedurally defaulted claims and makes way for his claims to be considered.</u>

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. the limitation shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, Petitioner asks that the Court grant the following relief: <u>To take jurisdiction of Petitioner's case, render a decision of wrongful conviction, and vacate Petitioner's conviction and sentence,</u> or any other relief to which Petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _Feb- 15, 2023_ (month, date, year)

Executed (signed) on: _2-15-23_ (date).

_____
Signature of Petitioner

If the person signing is not Petitioner, state relationship to Petitioner and explain why Petitioner is not signing this petition: _____
_____
_____